UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| POLLY PATTERSON and ROBERT L. PATTERSON, | § § § | |
| *Plaintiffs*, | § § | |
| | § | Civil Action No. SA-13-CV-338-XR |
| v. | § § | |
| WALGREEN COMPANY and L.R.R., R.Ph., | § § | |
| | § § | |
| *Defendants*. | § | |

**SHOW CAUSE ORDER**

On this date, the Court considered Defendant Walgreen's Notice of Removal and its jurisdiction over this removed case.

Plaintiffs Polly and Robert Patterson filed their Original Petition in state court on March 26, 2013, against Walgreens and its pharmacist, L.R.R. Plaintiffs sue L.R.R. for negligence, alleging that L.R.R. incorrectly filled Robert's prescription, causing him injury. Plaintiffs allege that the pharmacist violated the duty of care exercised by pharmacists in the same or similar circumstances and owed to Robert. Plaintiffs allege that Walgreens is liable under the doctrine of respondeat superior.

After being served, Defendant Walgreens removed the case to this Court on April 25, 2013, on the basis of diversity jurisdiction. Walgreens contends that this Court has diversity jurisdiction because L.R.R., a non-diverse Texas defendant, is improperly joined. Walgreens asserts that there is no reasonable basis for Plaintiffs' claim against L.R.R. because L.R.R. was, "at the time of the incident complained of, an employee of Walgreens and is sued in the course and scope of employment." Walgreens asserts categorically that "[a]n employee sued regarding a matter within

1

the course and scope of her employment must be disregarded for purposes of diversity jurisdiction."

Walgreens relies on *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996), and its progeny, in which the Texas Supreme Court held that individual liability of a corporate officer or agent arises "only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." In 2005, the Texas Supreme Court expanded the application of *Leitch* to a premises liability case. It discussed the proper application of *Leitch*:

> The defendants are correct that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals. We explained in *Leitch v. Hornsby* when individual liability will be imposed and when it will not. "[I]ndividual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." We gave as an example an agent whose negligence caused an automobile collision while the agent was driving in the course and scope of employment. An agent, in his individual capacity, owes a duty to the public to drive with reasonable care. Therefore, the individual is liable for his or her own negligence, and the employer is also vicariously liable. The situation in *Leitch*, however, was different. The corporate agents were not individually liable even though the jury had found them and their employer negligent. In that case, the plaintiff Hornsby was injured when he lifted a sixty-pound reel of cable. There was evidence that his employer, through its officers and employees, had declined to provide Hornsby a lifting belt or dolly. We held that the actions or inactions of the individuals were actions or inactions "within their capacities as officers" of Hornsby's corporate employer and that the individuals "had no individual duty as corporate officers to provide Hornsby with a safe workplace." The individuals were not liable for their negligence because they "did not breach any separate duty" to Hornsby. Only their corporate employer was liable for their negligence.

*Tri v. J.T.T.*, 162 S.W.3d 552, 562-63 (Tex. 2005). The Court held that the existence of a duty is a question of law for the Court, but it could not determine from the record whether the individual defendant in *Tri* owed an independent duty of care. Thus, the mere fact that the plaintiff sued an employee for actions taken in the course of their employment was not dispositive of the duty question. *See Bell v. Wal-Mart No. 2978*, Civ. A. No. 4:11-CV-576, 2011 WL 5022815, at *3 (N.D. Tex. Oct. 18, 2011) ("The holding of *Tri*, however, did not definitively establish that in every instance

2

employees owe no independent duty of care while acting within the scope of their employment.").

After *Tri*, courts have applied *Leitch* to premises liability cases, finding that store managers and employees did not owe an independent duty of care to patrons who were injured on store property.  *See, e.g.*, *Kopczynski v. Wal-Mart Stores Texas, L.P.*, No. H-10-4507, 2011 WL 902237 (S.D. Tex. March 14, 2011); *Gaston v. Wal-Mart Stores Texas, LLC*, No. H-09-4094, 2010 WL 1426876 (S.D. Tex. April 8, 2010); *Gonzalez v. Wal-Mart Stores*, Civ. A. No. 10-CV-120, 2010 WL 1417748 (W.D. Tex. March 31, 2010).

However, the existence of an independent duty in non-premises cases where the employee personally provides the service alleged to have been negligently performed has not been clarified. For example, in *Carrion v. Ethicon Endo-Surgery, Inc.*, No. C-11-19, 2011 WL 649596 (S.D. Tex. Feb. 11, 2011), the plaintiffs sued the manufacturer of a vascular stapler and its employee, alleging that the employee was negligent in selling, marketing, and inspecting the medical stapler.  The Court concluded that, reviewing all factual allegations in the pleadings in the light most favorable to the plaintiff and resolving all ambiguities in favor of the plaintiff, there was "no way to conclude at this juncture that [the employee] did not breach an independent duty of care in the course of marketing, selling, or inspecting the stapler" or that he did not direct or participate in tortious acts for which he may be found personally liable.  *Id.* at *4.  "Simply put," the court stated, *Leitch* does not mean that an employee's status as an agent of his employer "necessarily shields him from personal liability for his own tortious conduct."  *Id.*  The court noted that the plaintiffs alleged that the employee personally marketed the stapler, and inspected it himself but failed to warn the hospital or surgeon that it was unsafe for use in a vascular closure, and "[t]hese allegations at least raise the possibility that [the employee] breached an independent duty of care to the decedent."  *Id.*

In *Alexander v. Lincare, Inc.*, Civ. A. No. 3:07-CV-1137-D, 2007 WL 4178592 (N.D. Tex.

3

Nov. 27, 2007), the plaintiff sued both a medical equipment technician and her employer corporation for negligence.  The district court concluded that nothing in *Leitch* suggests that the Texas Supreme Court intended to alter the general rule that a company employee is personally liable for tortious conduct in which she participates during the course and scope of her employment, provided she owes a legal duty to the plaintiff.  The court then listed "a number of post-*Leitch* Texas cases that involve claims of negligence against therapists and nurses, in their individual capacities, for acts committed within the scope of their employment."  However, the court noted that these decisions appeared to assume the existence of an independent duty of care rather than expressly considering the issue.  "At the very least," the court concluded, "these cases show that Lincare cannot meet its heavy burden of establishing that there is no reasonable basis for the court to predict that Alexander might be able to recover under Texas law against [the employee] individually for her negligent acts committed within the scope of her employment."

Other courts have also concluded that the existence of an independent duty is a fact question when the individual employee is directly involved in the service that gives rise to the alleged negligence.  Thus, in *Garrison v. The Sherwin-Williams Co.*, No. 4:10cv128, 2010 WL 2573973 (E.D. Tex. June 1, 2010), *recommendation adopted by* 2010 WL 2573963, the court stated, "If the corporate employee is only indirectly involved in the alleged negligence, then the Court will not impose an individual duty on the employee, however if the involvement is directly related to the alleged negligence, a question of fact exists as to whether the corporate employee owes an individual duty to a plaintiff."  Similarly, in *Guzman v. Cordero*, 481 F. Supp. 2d 787 (W.D. Tex. 2007), the district court found the possibility of an independent duty because the individual employee was personally involved in providing services to the plaintiff.  The court reasoned,

> Unlike the individual defendants in *Leitch*, Cordero was directly and personally
> involved in conduct that allegedly caused Plaintiff's injuries because Cordero actually

4

performed the services in question.  And, it is well-settled in Texas that an individual undertaking to provide services to another, either gratuitously or for compensation, owes a duty of reasonable care. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837-38 (Tex. 2000). While the corporate officers in *Leitch* owed no duty to furnish a safe workplace to their employees independent from the duty owed by the corporate employer, this Court cannot say with certainty the same is true regarding an employee who was directly engaged in providing a service to a customer.

*Id.* at 790.

At least one Texas court has held that, "in filling and refilling prescriptions, pharmacists are required to exercise the high degree of care that a very prudent and cautious person would exercise under the same or similar circumstances in that business." *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 461 (Tex. App.–Austin 2000, pet. denied).  The Third Court of Appeals held "that pharmacists owe purchasers of prescription medication 'the highest practicable degree of prudence, thoughtfulness and vigilance and the most exact and reliable safeguards consistent with the reasonable conduct of the business in order that human life may not constantly be exposed to the danger flowing from the substitution of deadly poisons for harmless medicines'" and that "[a] pharmacist who inaccurately fills a prescription is therefore liable to the customer for resulting harm." *Id.*

Accordingly, Walgreens' Notice of Removal fails to satisfy its burden of demonstrating that Plaintiffs cannot establish a claim against L.R.R.  Walgreens must do more than simply assert that L.R.R. was acting within the course and scope of employment.  Walgreens is therefore directed to show cause in writing, no later than **May 6, 2013**, why this case should not be remanded.

SIGNED this 30th day of April, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE